UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | | |
|---|---|---|
| **BOBBY RANDY MOUTON** | : | **DOCKET NO. 6:21-CV-01334**<br>**SECTION P** |
| **VERSUS** | : | **JUDGE MICHAEL J. JUNEAU** |
| **POLICE DEPT. OF PATTERSON, ET AL** | : | **MAGISTRATE JUDGE HANNA** |

### REPORT AND RECOMMENDATION

Before the court is a motion for writ of mandamus filed by pro se plaintiff Bobby Randy Mouton, in which he asks this Court to compensate him for the destruction or donation of his personal property by LaSalle officials and asks that criminal charges be brought against these officials. Doc. 5. Mouton is a pre-trial detainee in the custody of the Louisiana Department of Corrections ("LDOC"), incarcerated at the LaSalle Correctional Center & Transitional Work Program ("LaSalle").

This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of this Court. For the reasons stated below, it is recommended that motion be **DENIED**.

### I. Background

Plaintiff was transferred from the St. Mary Parish Law Enforcement Center to LaSalle on April 17, 2021. He asserts that certain personal property brought with him from St. Mary Parish was donated or destroyed by prison officials without his consent. According to plaintiff's Exhibit 1, an "Offender Request Form," the personal belongings

which he could not keep in his cell were destroyed or donated because he failed to submit an address to which his belongings could be mailed. Doc. 5-1.

## II.     Law & Analysis

The deprivation of property by a state employee, whether done negligently, *Parratt v. Taylor*, 451 U.S. 527 (1981), *overruled on other grounds, Daniels v. Williams*, 474 U.S. 327, 330 (1986), or intentionally, *Hudson v. Palmer*, 468 U.S. 517 (1984), is not actionable under §1983 when an adequate state law remedy exists. *See also Murphy v. Collins*, 26 F.3d 541, 543-44 (5th Cir. 1994); *Hines v. Boothe*, 841 F.2d 623, 624 (5th Cir. 1988). Louisiana law provides such a remedy. See LSA-C.C. Art. 2315. Accordingly, this claim is without merit.

## III.    Conclusion

For the reasons stated above, Mouton cannot obtain the relief sought in this motion. Accordingly, it is recommended that the motion be **DENIED.**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within

fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. §636(b)(1).

      THUS DONE in Chambers, Lafayette, Louisiana on this 12th day of July, 2021.

                                            _____
                                            PATRICK J. HANNA
                                            UNITED STATES MAGISTRATE JUDGE