UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **BOBBY RANDY MOUTON** | **CIVIL ACTION NO. 6:21-cv1334 SEC P** |
| **VS.** | **JUDGE MICHAEL J. JUNEAU** |
| **POLICE DEPT. OF PATTERSON, ET AL.** | **MAGISTRATE JUDGE HANNA** |

## MEMORANDUM ORDER

Pro se plaintiff Randy Bobby Mouton, proceeding in forma pauperis, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on May 15, 2021 (rec. doc. 1). Plaintiff is incarcerated at the La Salle Correctional Center & Transitional Work Program but complains that he was the victim of excessive force perpetrated by an officer at the Patterson Police Department.

On November 5, 2021, plaintiff was ordered to amend his complaint to provide additional details regarding his claims and cure certain deficiencies. Rec. Doc. 10. On December 3, 2021, plaintiff, in compliance with this Court's order, filed a response. Rec. Doc. 12. However, plaintiff failed to state whether any criminal charges or prison disciplinary charges related to the incident in question were filed, and if so, the status of those charges. If charges were filed, and if he stands convicted of those charges, plaintiff's suit may be barred by the *Heck* Doctrine. *See Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994) (holding that dismissal is required when a state prisoner whose conviction or sentence has not been declared invalid seeks damages in a § 1983 suit

and a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence); and *Hudson v. Hughes*, 98 F.3d 868, 872-73 (5th Cir.1996) (holding an excessive-force claim was barred by *Heck* where it would imply the invalidity of a conviction for battery).

**IT IS ORDERED** that plaintiff amend his complaint within thirty (30) days of the filing of this order to provide this Court with the information requested above. Failure to do so may result in dismissal of this action under Federal Rule of Civil Procedure 41(b).[1]

**Failure to comply with this order may result in dismissal of this action as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i) or under Rule 41(b) or 16(f) of the Federal Rules of Civil Procedure. Plaintiff is further required to notify the Court of any change in his address under U.L.R. 41.3.**

THUS DONE AND SIGNED in Chambers this 17th day of May, 2022.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE

---

[1] Federal Rule of Civil Procedure Rule 41(b) permits dismissal of claims "for failure of the plaintiff to prosecute or to comply with ... any order of court..." The district court also has the inherent authority to dismiss an action *sua sponte*, without motion by a defendant. *Link v. Wabash R.R.Co.*, 370 U.S. 626, 630-31 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir.1988). This power is "vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link*, 370 U.S. at 630-31.