UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **BOBBY RANDY MOUTON** | **CIVIL ACTION NO. 6:21-cv-1334 SEC P** |
| **VS.** | **JUDGE DAVID C. JOSEPH** |
| **POLICE DEPT. OF PATTERSON, ET AL.** | **MAGISTRATE JUDGE HANNA** |

## REPORT AND RECOMMENDATION

Pro se plaintiff Randy Bobby Mouton, proceeding in forma pauperis, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on May 15, 2021 (rec. doc. 1). At the time of filing, plaintiff was incarcerated at the La Salle Correctional Center & Transitional Work Program but complained that he was the victim of excessive force perpetrated by an officer at the Patterson Police Department. He names as defendants the Police Department of Patterson, Garrett Grogan, Officer Francois and Kevin Stewart.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### I. Statement of the Case

On September 26, 2020, plaintiff was arrested by defendant Officer Francois of the City of Patterson Police Department. He was placed in a holding cell and began complaining that his rights were being violated, which he contends agitated

the arresting officer. After kicking the door and requesting a blanket, Officer Francois forced him to sit in a restraint chair. Plaintiff begged to be released from the restraint and alleges that Francois did release him, and as he was assisting Francois with getting the restraint chair out of the holding cell, Francois punched him "three times in the face with a closed fist for no reason." Rec. Doc. 1, p. 4.

On May 17, 2022, the undersigned ordered plaintiff to amend his complaint to cure certain deficiencies. Doc. 17. Specifically, he was informed that the Patterson Police Department was an improper party that should be dismissed and he was ordered to allege facts sufficient to demonstrate either personal involvement or the implementation of unconstitutional policies by Chief Grogan and Corporal Stewart if he intended to bring claims against these supervisory officials. Finally, he was ordered to state whether any criminal charges or prison disciplinary charges related to the incident in question were filed, and if so, the status of those charges.

On June 24, 2022, plaintiff responded to the Court's May 17, 2022 Order, stating that no charges were filed in relation to the alleged excessive force incident involving Officer Francois. Doc. 20. He alleged no facts to demonstrate either personal involvement or the implementation of unconstitutional policies by Chief Grogan or Corporal Stewart.

**II. Law and Analysis**

*A. Frivolity Review*

Mouton has been granted leave to proceed in forma pauperis in this matter. Accordingly, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2), which provides for *sua sponte* dismissal of the complaint or any portion thereof if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995) (frivolity); *Bradley v. Puckett*, 157 F.3d at 1025 (failure to state a claim).

### B. Section 1983

Federal law provides a cause of action against any person who, under the color of state law, acts to deprive another of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. In order to hold the defendant liable, a plaintiff must allege facts to show (1) that a constitutional

3

right has been violated and (2) that the conduct complained of was committed by a person acting under color of federal law; that is, that the defendant was a government actor. *See West v. Atkins*, 108 S. Ct. 2250, 2254–55 (1988).

In order to state a cause of action under section 1983, the plaintiff must identify defendants who were either personally involved in a constitutional violation or whose acts were causally connected to the constitutional violation alleged. *Woods v. Edwards*, 51 F.3d 577, 583 (5th Cir. 1995). Personal involvement is an essential element of a civil rights cause of action. *Thompson v. Steele*, 709 F. 2d 381, 382 (5th Cir. 1983). Prison officials "cannot be automatically held liable for the errors of their subordinates." *Adames v. Perez*, 331 F.3d 508, 513 (5th Cir. 2003). Supervisory officials may be held liable only if: "(i) they affirmatively participate in the acts that cause constitutional deprivations; or (ii) [they] implement unconstitutional policies that causally result in plaintiff's injury." *Mouille v. City of Live Oak, Tex.*, 977 F. 2d 924, 929 (5th Cir. 1992). Vicarious liability does not apply to § 1983 claims. *Pierce v. Tex. Dep't of Crim. Justice, Institutional Div.*, 37 F.3d 1146, 1150 (5th Cir. 1994).

### C. *Improper Parties*

Plaintiff has named the Police Department of Patterson as a defendant. However, Fed.R.Civ.P. Rule 17(b) provides that the "capacity to sue or be sued shall be determined by the law of the state in which the district court is held." Thus, Louisiana law governs whether Police Department of Patterson has the capacity to

be sued in this action. Under Louisiana law, to possess such a capacity an entity must qualify as a "juridical person." This term is defined by the Louisiana Civil Code as "... an entity to which the law attributes personality, such as a corporation or partnership." La. Civ. Code Art. 24.

Police Department of Patterson is not an entity capable of being sued. Under Louisiana law, police departments are not juridical entities capable of suing or being sued. La. R.S. 33:361. Louisiana courts have consistently held that a plaintiff's suit against a police department should be dismissed because the police department is not a juridical entity. *Dugas v. City of Breaux Bridge Police Department*, 757 So.2d 741, 744 (La.App. 3 Cir. 02/02/00). Accordingly, plaintiff's claims against this non-juridical entity should be dismissed.

In addition, plaintiff's claims against Chief Garrett Grogan and Corporal Kevin Stewart in their supervisory capacities as City of Patterson Chief of Police and Internal Affairs Investigator/Director for City of Patterson should be dismissed. "Supervisory officials may be held liable only if: (i) they affirmatively participate in acts that cause constitutional deprivations; and (ii) implement unconstitutional policies that causally result in plaintiff's injuries." *Mouille v. City of Live Oak, Tex.*, 977 F.2d 924, 929 (5th Cir.1992), cert. denied, 508 U.S. 951 (1993). "Vicarious liability does not apply to § 1983 claims." *Pierce v. Texas Dept. of Crim. Justice, Inst. Div.*, 37 F.3d 1146, 1150 (5th Cir.1994), cert. denied, 514 U.S. 1107 (1995).

"Personal involvement is an essential element of a civil rights cause of action." *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir.), *cert. denied*, 464 U.S. 897 (1983). Plaintiff failed to allege facts sufficient to demonstrate either personal involvement or the implementation of unconstitutional policies by these defendants and as such, claims against them should be dismissed.

### III. Conclusion

Accordingly,

**IT IS RECOMMENDED** that claims against the Patterson Police Department, Garrett Grogan and Kevin Stewart should be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted.[1]

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation**

---

[1] Claims against Officer Francois will be addressed in a separate Order.

**within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE AND SIGNED in Chambers this 19th day of August, 2022.

_____
PATRICK J. HANNA
**UNITED STATES MAGISTRATE JUDGE**